BRUMMITT *v.* HOWARD and others.

*(Circuit Court, D. Massachusetts.* September 30, 1880.)

1. PATENT No. 177,466, dated May 16, 1876, for an improvement in the method of utilizing the leather of old card clothing, from which the teeth have been removed, *not sustained.*

In Equity.

*F. A. Dearborn,* for complainant.

*E. P. Howe,* for defendants.

LOWELL, C. J. The complainant has letters patent, No. 177,466, dated May 16, 1876, for an improvement in the method of utilizing the leather of old card clothing, from which the teeth have been removed. The invention is fully described in the specification, and again in the claim, which is for "the method of utilizing the leather of old card clothing by heating it with gum tragacanth, and resetting it with teeth reversely to the original teeth, substantially as described."

The machinery for setting teeth for cards was old; the treatment with gum tragacanth was old; but it is only within a very few years that old card clothing has been put to use a second time. The application of gum tragacanth does not appear to be important, and it has been used by the defendants to a very slight extent. The actual discovery relied on is that of turning the leather so as to present a different side to the old tooth-setting machine, and then, as the teeth are always set at an angle, the new holes will run across the old holes. If set in the same direction it would be impossible to prevent their working into and enlarging the old holes.

The plaintiff made his invention in March or April, 1875. Several witnesses testify that old leather was reset by J. L. Woodcock & Co., of Leicester, Massachusetts, for Edward Gould, superintendent of the Hopeville Manufacturing Company, Worcester, and afterwards of the Darling Mills, on several occasions between November, 1873, and the date of the plaintiff's invention. The history of this manufacture is traced; books and receipts fix the dates; and what purports

to be a piece of the clothing made before March, 1875, is produced. We see no reason to doubt the truth of this testimony. The plaintiff argues that the fact might have been more fully proved. It might, also, have been easily disproved if not true. The whole matter is near in both place and time. We think the defendants have sustained the burden, in the absence of contradiction, of proving that card clothing, like the Exhibit Howard 2, was made before the plaintiff discovered the process.

The exhibit differs from the clothing made under the plaintiff's patent in this, that instead of turning the piece of leather round, the operator has turned it over, so that the teeth now come out at the flesh side, instead of the grain side of the leather. In the plaintiff's opinion, this mode of manufacture is not so good as his; but it seems to have worked well, and, if we omit from his claim the gum tragacanth, which the defendants do not now use, and which the complainant insists is not essential to his claim, this exhibit clearly anticipates it, because it utilizes old card clothing by resetting it with teeth reversely to the original teeth. The plaintiff and one of his witnesses say that the teeth in this exhibit appear to be set in the same direction as before; but their cross-examination, and our eyesight, have contradicted them in this particular.

Decree for defendants.